# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LISA DILL BROWN and** ) | |
| **GREG BROWN,** ) | |
|  ) | |
| Plaintiffs, ) | |
|  ) | **CIVIL ACTION NO:** |
| **v.** ) | |
|  ) | |
| **WAL-MART STORES EAST, L.P.;** ) | |
| **UNKNOWN DEFENDANT JOHN** ) | |
| **DOE, Manager of Wal-Mart Stores** ) | |
| **East, LP located at 2200 S. McKenzie** ) | |
| **Street, Foley, Alabama, on March 24,** ) | |
| **202l; and** ) | |

*Fictitious Defendants A – D*, being those individuals or entities who were responsible for the operation or control of, or who did own or control, the premises where and when Plaintiff was injured; and *Fictitious Defendants E – H*, being those individuals or entities who were the principal, master, employer, or parent company of the individuals or entities responsible for the operation or control of the premises where and when Plaintiff was injured; and *Fictitious Defendants I – L*, being those individuals or entities responsible for hiring, training, supervising or retaining those agents and employees of the business on which premises Plaintiff was injured; and *Fictitious Defendants M – P*, being those individuals or entities who in any way caused or contributed to the Plaintiffs damages and injuries, as alleged herein; and all of whose true names and legal identities are otherwise unknown to Plaintiff, but who will be substituted by amendment when ascertained, separately and severally, fault caused or contributed to the injuries sustained by the Plaintiff which is the basis of this suit, and whose names, capacities and identities are otherwise unknown to the Plaintiff, and which will be added by amendment when ascertained.

|  |  |
|---|---|
|  | ) |
| Defendants. | ) |

# NOTICE OF REMOVAL

COMES NOW one of the Defendants in the above-styled action, **Wal-Mart Stores East, L.P.**, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this action from the Circuit Court of Baldwin County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division. In support of this removal, Defendant states as follows:

## I. PROCEDURAL BACKGROUND

1. On August 31, 2022, Lisa Dill Brown and Greg Brown ("Plaintiffs") filed a Complaint against the Defendants in Baldwin County, Alabama, Civil Action No. 05-CV-2022-900920.

2. In accordance with 28 U.S.C. § 1446(a), copies of all pleadings, processes, and orders in the state court action are attached hereto as **Exhibit A**.

3. Walmart Stores East, L.P. was served with the summons and complaint on September 6, 2022.

4. Section 1446(b) sets forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading, and (2) those that later become removable on the basis of a copy of an amended pleading, motion, order, or other paper. 28 U.S.C. §1446(b). Regardless of the type of case, a defendant must remove within thirty days of receiving the document that provides the basis for the removal. *See* 28 U.S.C. §1446(b); *Lowery v. Ala. Power Co.*, 483 F.3d 1184,1212-13 (11th Cir. 2007).

5.      Plaintiffs' Complaint asserts Plaintiff Lisa Dill Brown was caused to suffer "past and future medical expenses," "permanent injuries and disability," "past and future pain and suffering and mental anguish," and "past and future loss of the enjoyment of life." (Ex. A, Compl. ¶ 16). Plaintiff Greg Brown claims he has suffered loss of consortium as a result of Plaintiff Lisa Dill Brown's injuries. (Ex. A, Compl. ¶ 32). Based upon Plaintiffs' claims, it is clear alleged damages in this lawsuit equate to over $75,000.00. Consequently, this matter is removable under 28 U.S.C. § 1446(b) within thirty days after the service of the Complaint on Defendant. Although Defendant denies liability alleged against it by Plaintiffs, it is unquestionable that the damages claimed by Plaintiffs in this matter exceed the $75,000 amount in controversy for removal under diversity jurisdiction.

6.      This notice is being filed with the United States District Court within thirty (30) days after receipt of the initial pleadings. Therefore, this notice is timely under 28 U.S.C. § 1446(b).

7.      This case is properly removable pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between Plaintiffs and Defendant Walmart Stores East, L.P. Additionally, the amount in controversy exceeds the threshold for federal diversity jurisdiction.

## II. DIVERSITY JURISDICTION

8. As demonstrated below, this action is removable under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiffs and Defendant Wal-Mart Stores East, L.P. The Court should not consider the possible citizenship of Defendant "John Doe" because this is a fictitiously named defendant and no service upon this defendant has been attempted or perfected. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Furthermore, this Notice of Removal has been filed within thirty (30) days of the date when Defendants received service of the Complaint and, therefore, complies with the procedural requirements of 28 U.S.C. § 1441(b).

### A. There Is Complete Diversity of Citizenship Between the Parties

9. This action involves "citizens of different states." 28 U.S.C. §1332(a)(1).

10. Plaintiffs are individuals domiciled in Baldwin County, Alabama. (Ex. A, Compl. ¶ 3-4).

11. Defendant Wal-Mart Stores East, L.P. is a limited partnership of which WSE Management, LLC is the sole general partner and WSE Investment, LLC is the sole limited partner. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. The sole member of Wal-Mart

Stores East, LLC is Walmart, Inc. Walmart, Inc. is a Delaware corporation with its principal place of business in Arkansas. Thus, Wal-Mart Stores East, L.P. is a citizen of both Delaware and Arkansas. *See Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (holding that for purposes of assessing diversity of citizenship, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens" and "a limited liability company is a citizen of any state of which a member of the company is a citizen."); *MacGinnitie v. Hobbs Group*, 420 F.3d 1234, 1239 (11th Cir. 2005) (stating "For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business.").

12.   Defendant John Doe is alleged to be a "Manager of Wal-Mart Stores East, LP". (Ex. A, Compl. ¶ 3, 6). Plaintiffs allege Defendant John Doe's identity is unknown and his/her true name will be substituted at a later date. (Ex. A, Compl. ¶ 6). Plaintiffs' Complaint states John Doe is "believed" to be a citizen of Baldwin County, Alabama; however, John Doe's citizenship is, in fact, unknown at this time. (*See* Ex. A, Compl. ¶ 6). Plaintiffs have made no effort to serve Defendant John Doe in this matter to date. (Ex. A, Doc. 5).

13.   Although Plaintiffs attempt to differentiate between Defendant John Doe and the other fictitiously named defendants, this is mere semantics. John Doe is an unidentified defendant who is named under a fictitious name until his/her true

identity can be discovered. The citizenship of defendants sued under fictitious names shall not be considered by the courts when determining diversity jurisdiction. 28 U.S.C. § 1441(b).

14. The description of Defendant John Doe as a Manager of Wal-Mart does not change the diversity analysis in this matter. The Eleventh Circuit Court of Appeals acknowledged in *Smith v. Comcast Corp.*, 786 F. App'x 935 (11th Cir. 2019) that even where fictitiously named defendants are sufficiently described so as to limit the defendant's potential identity to a specific individual, the citizenship of the fictitious defendant must be disregarded during the Court's diversity analysis. *Smith*, 786 F. App'x at 940 (holding that to consider a specifically described fictitious defendant's alleged citizenship "would seem inconsistent with the removal statute's text—which appears to direct courts to categorically disregard 'the citizenship of defendants sued under fictitious names,' regardless of how specifically those defendants are described.").

15. Hence, the alleged citizenship of Defendant John Doe must be disregarded by this Court when determining whether diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1441(b). The diversity of citizenship requirement is met between the plaintiffs and defendants in this matter based on this ground alone.

16. Plaintiffs' failure to attempt, much less perfect, service on Defendant John Doe also renders his/her citizenship immaterial to this Court's diversity analysis. U.S. District Courts in Alabama have repeatedly held, and the 11th Circuit Court of Appeals has affirmed, that the presence of a named forum defendant in the complaint will not destroy diversity jurisdiction where the forum defendant has not been served at the time of removal. *See Lemley v. Midwest Automation, Inc.*, No. 08–0738–KD–B, 2009 WL 1211382, at *1 (S.D.Ala. May 1, 2009) (denying motion to remand even though forum-defendant was served literally one minute after non-forum defendant filed the notice of removal); *Goodwin v. Reynolds*, No. 2:12-CV-0033-SLB, 2012 WL 4732215, at *6 (N.D. Ala. Sept. 28, 2012), aff'd, 757 F.3d 1216 (11th Cir. 2014) (permitting removal by non-forum defendant where named forum defendant had not yet been served at the time of removal).

17. It has long been held that the court's diversity jurisdiction is established at the time the notice of removal is filed. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Accordingly, there is complete diversity among the Plaintiffs and Defendants in this matter as the properly named Defendant, Wal-Mart Stores East, L.P. is not a citizen of Alabama, Plaintiffs' place of domicile, and the alleged citizenship of Defendant John Doe is due to be disregarded. 28 U.S.C. § 1332(c)(1).

### B. The Amount-In-Controversy Requirement is Satisfied

18. The amount in controversy in this action exceeds the $75,000.00 jurisdictional threshold. 28 U.S.C. § 1332(a).

19. In her complaint, Plaintiff Lisa Dill Brown alleges she suffered severe and permanent injuries, has been permanently disabled, suffered past and future pain, suffering, and mental anguish, incurred medical expenses, and has suffered loss of the enjoyment of life. (Ex. A, Compl. ¶¶ 16). As a result of her alleged injuries, Plaintiff Lisa Dill Brown seeks damages for negligence and wantonness in an unspecified amount. (*See* Ex. A, Compl.). Additionally, Plaintiff Greg Brown seeks unspecified damages for loss of consortium as a result of his wife's alleged injuries. (*See* Ex. A, Compl. ¶ 32).

20. Where there is an unspecified claim for damages, a removing defendant is not required to prove the plaintiff would recover more than the jurisdictional amount to a "legal certainty." *Lowe's Ok'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998). Instead, the defendant faces the lower burden of demonstrating "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement. *Lowe's Ok'd Used Cars, Inc.*, 995 F. Supp. at 1389 (citing *Tapscott*, 77 F.3d at 1357). *See, e.g., Jones v. Novartis Pharms. Co.*, 952 F. Supp. 2d 1277, 1282 (N.D. Ala. 2013); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The

lower burden of proof "is warranted because there is simply no estimate of damages to which a court may defer." *Lowe's Ok'd Used Cars, Inc.*, 995 F. Supp. at 1389.

21. Moreover, the Eleventh Circuit has stated:

Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See Id.* at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See Id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams [v. Best Buy Co., Inc.]*, 269 F.3d [1316,] 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Rowe v. Michelin Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

22. The preponderance of the evidence establishes that the amount in controversy requirement is met in this action.

23. This Court is allowed to look to judicial experience to reasonably deduce the amount in controversy. In similar cases wherein a plaintiff has successfully asserted claims against a defendant for severe and permanent physical injury arising from a fall on the defendant's premises, jury verdicts have exceeded the jurisdictional requirement. *See Methvin, et al. v. Coca-Cola Bottling Co. Consolidated, et al.*, 19 Ala. Civ. Trial Rptr. 3-24, 2019 WL 1983922 (Cir. Ct. Mobile Cnty. Jan. 16, 2019) (awarding plaintiff Melissa Methvin $1,400,000.00 in

damages for injuries sustained when plaintiff slipped and fell on water located on the floor); *Williams v. Wal-Mart Stores East, LP, et al.*, 16 Ala. Civ. Trial Rptr. 8-24, 2016 WL 4537801 (Cir. Ct. Mobile Cnty. May 18, 2016) (awarding plaintiff $175,000 in damages where plaintiff alleged physical injury arising from a slip and fall at the Wal-Mart store); *Guy v. Walmart Stores East*, 2020 WL 5106626 (U.S. Dist. Ct. S.D. Ala. Jan. 14, 2020) (awarding plaintiff $140,000 in damages for physical injury resulting from a slip and fall on water located on the floor of Walmart store); *Letson v. Huntsville Hospital*, 18 Ala. Civ. Trial Rptr. 6-15, 2018 WL 3105528 (Cir. Ct. Madison Cnty. Mar. 12, 2018) (providing a settlement of $145,000 to the plaintiff for sustained knee and back injuries in a trip and fall at her place of employment); *Preston v. Medical Ctr. Hotel, Inc., et al.*, 15 Ala. Civ. Trial Rptr. 11-12, 2015 WL 7729423 (Cir. Ct. Jefferson Cnty. June 15, 2015) (awarding $420,050.00 in damages to plaintiff on her claims of negligence against defendants Medical Center Hotel and Blumberg arising out of her trip and fall over a floor drain on defendants' premises).

24. As such, the amount in controversy requirement of 28 U.S.C § 1332(a) is met as the preponderance of the evidence establishes that Plaintiffs seek over $75,000.00 in compensatory and punitive damages from the Defendant.

### C.     The Other Prerequisites for Removal Have Been Satisfied

25.    In addition to satisfying the requirements for diversity of jurisdiction, Defendant has satisfied all other requirements for removal.

26.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

27.    Defendant has not previously removed this action.

28.    Removal at the present time will not result in any prejudice to Plaintiffs as the matter is in the initial pleading stage and no discovery has occurred.

29.    Defendant John Doe is not required to join in and consent because, as explained above, he/she has not been properly joined or served in this case.

30.    Removal to this district and division is proper under 28 U.S.C § 81(a)(1) because this district and division embraces the Circuit Court of Baldwin County, Alabama, the forum in which the removed action was pending.

31.    In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice of Removal to Plaintiffs and file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Baldwin County, Alabama, where this action was pending.

### III.  CONCLUSION

32.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether

pursuant to Federal Rule of Civil Procedure 8(c) or Federal Rule of Civil Procedure 12(b).

WHEREFORE, PREMISES CONSIDERED, Defendant Walmart Stores East, L.P. respectfully requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Baldwin County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division.

Respectfully submitted,

s/ *Chris Zulanas*
Christopher J. Zulanas (ASB-1572-U82C)
Kelsey R. Reckart (ASB-4405-S42Z)
*Counsel for Defendant*
*Wal-Mart Stores East, L.P.*

**OF COUNSEL:**
**FRIEDMAN, DAZZIO & ZULANAS, P.C.**
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
kreckart@friedman-lawyers.com
p 205-278-7000
f 205-278-7001

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have caused a copy of the foregoing Notice of Removal to be electronically filed and issued to counsel via electronic mail and/or CM/ECF notification on this date: October 3, 2022.

Jon D. Roberts. Jr.
CITRIN LAW FIRM, P.C.
P. O. Box 2187
Daphne, AL 36526
jon@citrinlaw.com
P: (251) 888-8884
*Counsel for the Plaintiff*

                                                    s/ *Chris Zulanas*
                                                OF COUNSEL