## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **LISA DILL BROWN,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 1:22-cv-391-TFM-C |
| ) | |
| **WAL-MART STORES EAST, L.P.** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is *Defendant Wal-Mart Stores East, L.P.'s Motion for Summary Judgment* (Doc. 41, filed 11/13/23) accompanied by a brief in support and evidentiary submission (Docs. 42, 43). Plaintiffs timely filed their response in opposition and Wal-Mart filed its reply. *See* Docs. 48, 49. Having considered the motion, response, reply, the evidentiary submissions, and the relevant law, the Court finds Defendant Wal-Mart Stores East, L.P.'s Motion for Summary Judgment (Doc. 41) is **GRANTED in part** and **DENIED in part**.

### I. PARTIES AND JURISDICTION

Lisa Dill Brown ("Ms. Brown") and Greg Brown ("Mr. Brown") –collectively, "Plaintiffs". Plaintiffs are residents of Baldwin County, Alabama. Defendant Wal-Mart Stores East, L.P. ("Wal-Mart" or "Defendant") is a limited partnership of which WSE Management, LLC is the sole general partner and WSE Investment, LLC is the sole limited partner. The sole member of Wal-Mart is Walmart, Inc., a Delaware Corporation with its principal place of business in Arkansas. Thus, Wal-Mart is a citizen of both Delaware and Arkansas.[1]

---

[1] The Court notes that the Complaint included fictitious party defendants, but those were stricken on January 30, 2023 which was reiterated on October 2, 2023. *See* Docs. 12, 16, 32. Therefore, only the Wal-Mart remains as a defendant.

The amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The parties do not contest jurisdiction or venue and the Court finds sufficient support exists for both.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Factual Background[2]

This claim for damages arises from a "Slip and Fall" that occurred on the premises of a Walmart store in Foley, Alabama on March 24, 2021. Doc. 41 at 1; Doc. 48 at 2. Ms. Brown alleges that she slipped and fell on a produce bag on the floor of the pharmacy department while she was visiting the store. Doc. 41 at 1; Doc. 48 at 2. The produce bag fell on to the floor from another customer's shopping cart where it remained on the floor for at least 38 minutes before Ms. Brown slipped and fell. Doc. 48 at 3; *see also* Doc. 43 at 4.

### B.     Procedural History

Plaintiffs filed their original Complaint in the Circuit Court of Baldwin County, Alabama asserting four counts: (1) negligence, (2) wantonness, (3) negligent/wanton hiring, training, supervision, or retention, and (4) loss of consortium. *See* Doc. 1-1. Essentially, Plaintiffs allege

---

[2] At the summary judgment stage, the facts are "what a reasonable jury could find from the evidence viewed in the light most favorable to the non-moving party." *Cantu v. City of Dothan*, 974 F.3d 1217, 1222 (11th Cir. 2020) (quoting *Scott v. United States*, 825 F.3d 1275, 1278 (11th Cir. 2016)). "[W]here there are varying accounts of what happened, the proper standard requires us to adopt the account most favorable to the non-movant." *Id*. (quoting *Smith v. LePage*, 834 F.3d 1285, 1296 (11th Cir. 2016)). Therefore, the recitation of facts here are those construed in favor of the Plaintiffs. "The 'facts' at the summary judgment stage are not necessarily the true, historical facts; they may not be what a jury at trial would, or will, determine to be the facts." *Id*. However, it is important to note that the events and timeframe preceding, during, and after the slip and fall were captured on video which is included in the record. Courts should "view[] the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Richmond v. Badia*, 47 F.4th 1172, 1179 (11th Cir. 2022) (holding that "we accept video evidence over the nonmoving party's account when the former obviously contradicts the latter").

the negligence of Wal-Mart in failing to keep and maintain its premises free and clear of a potentially hazardous and/or dangerous conditions and failing to train and supervise its employees led to Ms. Brown being injured. Defendant then removed the case for diversity jurisdiction on October 3, 2022. Doc. 1. Defendant answered on October 5, 2022, with general denials. Doc. 3.

On November 13, 2023, Wal-Mart filed its Motion for Summary Judgment with supporting brief and evidentiary support which addresses all counts asserted by Plaintiffs. Docs. 41, 42, 43. Plaintiffs filed a Response in Opposition on December 7, 2023. Doc. 48. On June 1, 2023, Wal-Mart filed their reply. Doc. 49.

Additionally, Wal-Mart filed a motion to preclude testimony offered by Plaintiffs' purported expert witnesses, including Dr. Corbett and various non-retained experts. Doc. 36. The expert testimony pertains only to Ms. Brown's damages, whereas the motion for summary judgment pertains to liability. Thus, the Court resolves the motion for summary judgment without ruling on the pending *Daubert* motion and without considering any of the expert testimony at issue in said motion.

The motion for summary judgment is ripe for adjudication with no need for oral argument.

### III.   STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "[T]he substantive law will identify which facts are material." *Id*. at 248, 106 S. Ct. at 2510. At the summary judgment stage, the court does not "weigh the evidence and determine the truth of the matter," but solely

"determine[s] whether there is a genuine issue for trial." *Id*. at 249, 106 S. Ct. at 2511. The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Tipton v. Bergrohr GMBH–Siegen*, 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (citing *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993)). For factual issues to be considered genuine, they must have a real basis in the record. *Id.*

The party asking for summary judgment bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23. A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

"When a moving party has discharged its burden, the non-moving party must then go

beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (internal quotations omitted) (citing *Celotex*, 477 U.S. at 324); *accord Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A genuine issue of material fact exists when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Moore ex rel. Moore v. Reese*, 637 F.3d 1220, 1232 (11th Cir. 2011) (quoting *Anderson*, 477 U.S. at 248). The court must view facts and draw all reasonable inferences in favor of the non-moving party. *Id.* at 1231 (citing *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)). However, to avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (citations omitted). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likely insufficient to defeat a proper motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). "Speculation does not create a *genuine* issue of fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (citation omitted). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50 (emphasis in original) (citations omitted). In short, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing that is sufficient to establish the existence of an element that is essential to that party's case. *Celotex*, 477 U.S. at 322.

Finally, Fed. R. Civ. P. 56(e) also provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider

the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

### IV.   DISCUSSION AND ANALYSIS

Defendant Wal-Mart moves this Court to grant summary judgment in its favor on all of Plaintiffs' claims pending in this matter alleging there are no genuine issues of material fact and Wal-Mart is entitled to judgment as a matter of law.  As an initial matter, the Court notes that "Plaintiffs admit that Walmart is due summary judgment as to the wantonness and negligent/wanton hiring, training, supervision, and retention claims."  *See* Doc. 48 at 7. Accordingly, the Court need not address Wal-Mart's arguments any further as to those claims and the motion for summary judgment is granted as to those claims (Counts 2 and 3).

Additionally, in *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, (1938), the Supreme Court held that in diversity jurisdiction cases, like the present case, courts should apply state substantive law.  The Supreme Court elaborated on *Erie*, in *Hanna v. Plumer*, advising that "federal courts are to apply state substantive law and federal procedural law." 380 U.S. 460, 465-66 (1965).  Accordingly, Alabama's substantive law governs the interpretation of the case at hand.

The Court will now address Wal-Mart's remaining arguments in turn.

**A.   Notice**

Plaintiff asserts a claim of negligence.  While the Complaint names the first count as "negligence," it is clear from the allegations that it is a premises liability claim and the parties treat it as such in their motion and response.  Regardless, under Alabama law, "[i]n [a] premises-liability case, the elements of negligence are the same as those in any tort litigation." *Ex parte Harold L. Martin Distrib. Co.*, 769 So. 2d 313, 314 (Ala. 2000) (quotations and citation omitted).  "To

establish negligence in a premises-liability case under Alabama law, Plaintiffs must establish 'duty, breach of duty, cause in fact, proximate or legal cause, and damages.'" *Giles v. Winn-Dixie Montgomery, LLC*, 574 F. App'x 892, 894 (11th Cir. 2014)[3] (quoting *Ex parte Harold L. Martin Distrib. Co.*, 769 So. 2d at 314).

The complaint alleges Plaintiff suffered a fall due to a hazardous condition on the floor after Wal-Mart failed to properly maintain their premises where and when Plaintiff was injured. Doc. 1-1 at 7. Further, Plaintiff alleges Wal-Mart failed to use reasonable care and diligence in keeping the premises in a safe condition or to give adequate warning of the hazardous condition. *Id.* at 7-8.

Under Alabama law, a customer entering a store is an invitee, and the storekeeper owes the customer a duty to exercise reasonable care to keep the premises in a reasonably safe condition. *Cox v. Western Supermarkets, Inc.,* 557 So. 2d 831 (Ala. 1989). "There is no presumption of negligence which arises from the mere fact of an injury to an invitee." *Ex parte Harold L. Martin Distrib. Co.*, 769 So. 2d at 314. "[T]he storekeeper is not an insurer of the customer's safety," but rather is liable when he or she negligently fails to exercise reasonable care to maintain the premises in a reasonably safe condition free of foreign substances. *Cox*, 557 So. 2d at 832 (citing *Clayton v. Kroger Co.*, 455 So. 2d 844, 845 (Ala. 1984)).

> To establish liability in a slip-and-fall case, a plaintiff must first prove that the defendant business had notice of the substance that caused the accident. This can be done in one of three ways: (1) by showing that the business had actual notice that the substance was on the floor; (2) by showing that the substance had been on the floor so long that the store had constructive notice of it; or (3) by showing that the store was otherwise delinquent in failing to discover and to remove the substance.

---

[3] In this Circuit "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

*Knox v. United States*, 978 F. Supp. 2d 1203, 1209 (M.D. Ala. 2013) (citations omitted).

In the complaint, Plaintiffs do not specify whether they allege that Wal-Mart had actual notice of the produce bag on which Ms. Brown allegedly slipped and fell. However, in their response to the motion for summary judgment, Plaintiffs skip over actual notice and only argue that Wal-Mart had constructive notice. Doc. 48 at 3-4. Thus, it appears that Plaintiffs have abandoned any argument that Wal-Mart had actual notice. However, to prove a premises liability claim, Plaintiffs need not prove actual notice and instead may establish that Wal-Mart had constructive notice or that the store was otherwise delinquent in failing to discover and to remove the substance.

"Constructive notice may be proven with circumstantial evidence that the substance had been on the floor for a long enough period of time that the business should have been aware of it." *Knox*, 978 F. Supp. 2d at 1210 (citing *Cash v. Winn-Dixie of Montgomery, Inc.*, 418 So. 2d 874, 875 (Ala. 1982)). "Direct evidence of the length of time the offending substance has remained on the floor is not required." *Cash*, 418 So. 2d at 875. "An inference may be made as to the length of time a substance has been on the floor from the nature and condition of the substance, but this inference must be a reasonable one." *Id.* at 876. For example, "[w]here the substance is dirty, crumpled, or mashed, or has some other characteristic that makes it reasonable to infer that it has been on the floor a long time, the business may be found to have had a duty to discover and remove it." *Maddox v. K-Mart Corp.*, 565 So. 2d 14, 17 (Ala. 1990). "To show that a defendant had constructive notice, the plaintiff must present evidence about the source of the substance that caused the slip and fall and not rely on speculation, conjecture or guess." *Knox*, 978 F. Supp. 2d at 1210.

Here, for either constructive notice or the delinquency in failing to discovery and remove

the bag, the Court need not rely on circumstantial evidence because there is direct evidence via video footage that the produce bag fell off another customer's cart, and that it remained on the floor for <u>at least</u> 38 minutes[4] before Ms. Brown slipped and fell. Neither party disputes these facts. The parties do dispute, however, whether 38 minutes was enough time to place constructive notice on Wal-Mart. Ultimately, the question of whether 38 minutes was a sufficient amount of time to place constructive notice on or to establish delinquency by Wal-Mart under these facts is a question for the jury, not the Court, to resolve. Additionally, the Court notes that the bag appears to be dirty. Accordingly, summary judgment is inappropriate on plaintiffs' negligence claim because taking the facts in the light most favorable to the non-movant plaintiffs a jury could find that 38 minutes was a sufficient amount of time to impute constructive notice or delinquency on the part of Wal-Mart.

**B.      Open and obvious affirmative defense**

Wal-Mart also argues that summary judgment is due to be granted in its favor because the produce bag that Ms. Brown allegedly slipped and fell on was an open and obvious condition.

Under Alabama law, owners have "no duty to warn an invitee of open and obvious defects in the premises which the invitee is aware of, or should be aware of, in the exercise of reasonable care on the invitee's part." *Dolgencorp, Inc. v. Taylor*, 28 So. 3d 737, 741-42 (Ala. 2009) (citing *Ex parte Mountain Top Indoor Flea Mkt., Inc.*, 699 So. 2d 158, 161 (Ala. 1997)); *see also Denmark v. Mercantile Stores Co.*, 844 So. 2d 1189, 1194 (Ala. 2002) (arguing the "entire basis of [a store owner's] liability rests upon [its] superior knowledge of the danger"; where superior knowledge is

---

[4] The parties have seemingly agreed to 38 minutes, but it would appear the bag may have been in the area longer than that agreed-upon time frame as it is noticed around the 11-minute mark while Plaintiff fell around the 1 hour mark. Regardless, the video evidence speaks for itself, and the Court need not resolve that issue here for summary judgment. It will be for the jury to resolve.

lacking, no liability) (alterations in original).

Whether a condition is open and obvious is determined objectively. *See Dolgencorp, Inc.*, 28 So. 3d at 741-42; *Jones Food Co. v. Shipman*, 981 So. 2d 355, 362-63 (Ala. 2006). "A condition is 'open and obvious' when it is 'known to the [plaintiff] or should have been observed by the [plaintiff] in the exercise of reasonable care.'" *Denmark*, 844 So. 2d at 1194 (alterations in original, emphasis added) (quoting *Quillen v. Quillen*, 388 So. 2d 985, 989 (Ala. 1980)). Therefore, "the record need not contain undisputed evidence that the plaintiff-invitee consciously appreciated the danger at the moment of the mishap." *Sessions v. Nonnenmann*, 842 So. 2d 649, 653-54 (Ala. 2002). Furthermore, "[q]uestions of openness and obviousness of a defect or danger . . . are generally not to be resolved on a motion for summary judgment." *McClurg v. Birmingham Realty Co.*, 300 So. 3d 1115, 1119 (Ala. 2020) (quoting *Ex parte Kraatz*, 775 So. 2d 801, 804 (Ala. 2000); *see also Denmark*, 844 So. 2d at 1195 ("Whether a condition is open and obvious is generally a question for the jury.").

Here, a review of the video clearly shows several customers navigating the area without noticing the produce bag on the ground. Despite several customers walking in the area, none of them stop to pick it up or appear to notify an employee of its presence. Some customers run over the bag with their carts, and others just barely escape stepping on it. Thus, reasonable minds may differ as to whether the produce bag was an open and obvious condition, and resolution of the issue on summary judgment is not appropriate.

**C.     Loss of consortium claim**

Finally, Wal-Mart argues that Mr. Brown's loss of consortium claim is due to be dismissed. The only reason that Wal-Mart provides is that Mr. Brown's claim is a derivative of Ms. Brown's claim, and that because Ms. Brown's claim is due to be dismissed, so is his. However, as this

Court found above, summary judgment is not appropriate on Ms. Brown's claim. Therefore, it is not automatically terminated as a derivative claim. Thus, Wal-Mart's motion for summary judgment is due to be denied as to Mr. Brown's loss of consortium claim.

## V.  CONCLUSION

Based on the foregoing discussion and analysis, Wal-Mart's motion for summary judgment (Doc. 41) is **GRANTED** as to Plaintiffs' wantonness and negligent and/or wanton hiring, training, supervision, or retention claims (Counts Two and Three) and **DENIED** as to Plaintiffs' remaining claims (Counts One and Four).

**DONE** and **ORDERED** this the 17th day of April 2024.

                                        s/Terry F. Moorer  
                                        TERRY F. MOORER  
                                        UNITED STATES DISTRICT JUDGE